IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JOSEPH MERCER | § | CASE NO: 05-40445 |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| K & R FUEL CENTERS, INC., *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-3614 |
| | § | |
| JOSEPH MERCER | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION
## CONCERNING ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

    The Trustee filed suit to enforce a constructive trust awarded by Final Judgment against Louis Kent, Defendant, in favor of Joseph Mercer, Debtor.  Defendant filed this motion for summary judgment contending that the Final Judgment has been fully satisfied in the bankruptcy case of Virginia Kent, Defendant's ex spouse.  The Court agrees that the Bankruptcy Court for the Northern District of Texas has adjudicated this matter.  The Motion for Summary Judgment is granted.

**I.**    **UNDISPUTED FACTS**

    Joseph Mercer ("Debtor") filed suit against Louis Kent ("Defendant") in State Court in 2001 and received a default judgment on March 26, 2003 ("Final Judgment").  The Final Judgment awarded $369,405.00 in actual damages, attorney's fees, prejudgment interest in the amount of $73,881.00 and a constructive trust on proceeds of $120,000.00.  (Defendant's Ex. 1) Louis Kent was married to Virginia Kent at this time.

    On April 6, 2004, Mercer purchased some of the Kents' property at an execution sale.

    On May 14, 2004, a divorce decree was entered in the Matter of the Marriage of Virginia Kent and Louis Kent.  The properties were awarded to Virginia Kent.  It decreed that Louis Kent was responsible for all debts, judgment, and interest owed to Joseph Mercer. (Defendant's Ex. 2).

    On June 1, 2004, Virginia Kent filed a petition in the Bankruptcy Court for the Northern District of Texas commencing a bankruptcy case under chapter 7 of the Bankruptcy Code. (Defendant's Ex. 3).

Mercer filed Proof of Claim #28 in that bankruptcy case asserting an unsecured claim in the amount of $376,081.30 and a secured claim in the amount of $120,000.00.  The claim was based on the Final Judgment against Louis Kent, total $496,081.30.  Mercer also filed Proof of Claim # 29 for attorney fees and related costs.  (Defendant's Ex. 6).  Virginia Kent filed an objection to both proofs of claim.  (Defendant's Ex. 8).

The Bankruptcy Court for the Northern District of Texas ruled on Debtor's objection to Mercer's proofs of claim on May 27, 2005.  (Defendant's Ex. 13).  Claim # 29 was disallowed. Claim # 28 was allowed but reduced by $368,000.00, the amount that Mercer credit bid at the constable's execution sale conducted April 6, 2004.  This reduction left outstanding a claim in the total amount of $128,081.30.

Mercer filed a petition in the Bankruptcy Court for the Southern District of Texas commencing this case under Chapter 11 of the Bankruptcy Code on July 5, 2005.  On September 27, 2005, this Court granted relief from the automatic stay to allow the Northern District to proceed to adjudication of all issues raised, or to be raised, in Virginia Kent's bankruptcy case in Adversary Proceeding 05-7001.  (Defendant's Ex. 19).

Virginia Kent's Plan of Reorganization was confirmed October 18, 2005.  (Defendant's Ex. 20).  The Plan provides that Mercer's claim will be adjudicated in adversary 05-7001.

Adversary Proceeding 05-7001 was adjudicated on January 17, 2006.  The execution sale conducted by Mercer on August 3, 2004, was declared null and void.  Mercer's claim was increased by the amount of $3,000.00 for the return of the 2522 Oakwood property to Virginia Kent.  (Defendant's Ex. 21).  Virginia was given a credit against Mercer's claim in the amount of $2,500.00 for the sale of personal property of Virginia Kent.  The net increase of $500.00 brought Mercer's claim to $121,581.30.  The Bankruptcy Court for the Northern District of Texas subsequently issued an Amended Judgment allowing Mercer to foreclose on the 2522 Oakwood property if Virginia Kent was unable to sell the property.  (Defendant's Ex. 24).

Virginia Kent was unable to sell the property and filed a Notice of Abandonment of 2522 Oakwood to Mercer.  (Defendant's Ex. 25).

Virginia Kent subsequently filed an Omnibus Objection to certain claims.  With respect to the Mercer claim, Mrs. Kent asserted that the claim had been paid through the abandonment and transfer of the 2522 Oakwood property to Mercer.  On February 24, 2006, the Bankruptcy Court for the Northern District of Texas issued an Order sustaining that objection,   (Defendant's Ex. 27).

The Trustee filed this adversary proceeding to collect any unpaid balance owed on the Final Judgment and to enforce the constructive trust against Louis Kent.  (Doc. # 66).  Louis Kent moved for summary judgment on the basis that the resolution of Debtor's Proof of Claim in Virginia Kent's bankruptcy had effected a full and final satisfaction of the Final Judgment as to Louis Kent.

## II.   STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment. Fed. R. Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed. R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.C.t 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## III.   ANALYSIS

### A.   Debtor's Claim Against Louis Kent is Precluded

#### 1.   Estoppel

Collateral estoppel has three elements: (1) the issue must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284 (5th Cir. 1995).

3 / 6

a.   The relevant issue is identical

The judgment in the adversary proceeding in Virginia Kent's bankruptcy case adjudicated the amount owed under the Final Judgment.  This is the same judgment under which Trustee now seeks to recover in this adversary.  The confirmation of the chapter 11 plan provided for payment of that claim.  In the order on the Omnibus Objection, the Bankruptcy Court for the Northern District of Texas adjudicated that the claim had been paid.

b.   The issue has been actually litigated

Mercer filed proofs of claim in Virginia Kent's bankruptcy case to collect the Final Judgment.  As recounted above, the Northern District Bankruptcy Court adjudicated the amount of the claim in adversary proceeding 05-7001.

The Court then issued its Omnibus Order stating that the claim had been paid.

c.   The determination of the issue in the prior action was a necessary part of the judgment in that earlier action

Liability and payment of the Final Judgment to Mercer was the main issue of adversary proceeding 05-7001.  It was also a necessary determination for the confirmation of Kent's Plan. The amount remaining to be paid under the judgment was a necessary part of the court's Omnibus Order declaring that the claim had been paid.

2.   Res Judicata

"Claim preclusion, or *res judicata*, bars the litigation of issues that have been litigated or could have been litigated in an earlier suit."  *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999).  *See also Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

*Res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.  *Southmark*, 163 F.3d at 934.

a.   The parties are identical or in privity

The Fifth Circuit has held that a nonparty to litigation may be bound where the nonparty's interests were represented adequately in the original suit.  *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 973 (5th Cir.1986).  Mercer pursued his proofs of claim in the adversary proceeding against the community assets of Virginia and Louis Kent, urging that both were fully liable for the debt represented by the Final Judgment.

4 / 6

        b.  The judgment in the prior action was rendered by a court of competent jurisdiction

The allowance of claims and confirmation of a plan are both core procedures.  11 U.S.C. § 157.  Furthermore, Mercer admits the jurisdiction of the Northern District court over the adversary proceeding that adjudicated his proofs of claim in his response.  This Court lifted the stay to allow adjudication of all issues raised or to be raised in that adversary proceeding.

        c.  The prior action was concluded by a final judgment on the merits

Confirmation of a chapter 11 plan is a final judgment for res judicata purposes.  *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1054 (5th Cir.1987).  An order allowing a proof of claim is, likewise, a final judgment.  *In re Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993).

        d.  The same claim or cause of action was involved in both actions

The critical issue is whether the two actions are based on the "same nucleus of operative facts."  *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).  The adjudication of the adversary proceeding in Virginia Kent's bankruptcy necessarily determined the amount owing under the Final Judgment.  The Plan provided for that amount to be paid in full.  The judgment Mercer now seeks to enforce is the same Final Judgment which was the basis of his proof of claim in Viriginia Kent's bankruptcy.

      3.  Single-Satisfaction

Single-satisfaction prevents double recovery by an injured party.  The adjudication of the amount of a loss has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be.  "[T]he determination of the amount of the loss resulting from the actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question.  Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss."  *Mike Loehr & Co., Inc. v. Wal-Mart Stores, Inc.*, 919 F.Supp. 244, 248 (E.D. Tex. 1996) (*citing* Restatement (Second) of Judgments § 50 cmt. d (1982)).

IV.     **CONCLUSION**

By separate order issued this date, Defendant's Motion for Summary Judgment is granted.

SIGNED 04/16/2007.

*Wesley W. Steen*

WESLEY W STEEN
United States Bankruptcy Judge